UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERESA DESAUTELS, THOMAS
DESAUTELS, and WILLIAM
MULROONEY,                                             Case No. 03-72922

        Plaintiffs,                                Honorable John Corbett O'Meara

v.

OFFICER WILLIAM WILKE, OFFICER
KEVIN HOWELL, OFFICER JEFF DOLSEN,
DENISE WILKE, OFFICER JOAN
BADALUCCO, DECTIVE SCOTT
EDWARDS, CITY OF AUBURN HILLS, and
CITY OF WARREN, Jointly and Severally and
in their Individual and Official Capacities,

        Defendants.
                                   /

**ORDER GRANTING DEFENDANT CITY OF WARREN'S
JANUARY 14, 2005 MOTION FOR SUMMARY JUDGMENT**

This matter came before the court on defendant City of Warren's January 14, 2005 motion for summary judgment. Plaintiffs filed a response February 4, 2005; no reply was filed. Oral argument was heard May 5, 2005.

Plaintiffs filed an action against Defendants July 30, 2003, following a scuffle that occurred at the Palace of Auburn Hills after a Rod Stewart concert in November 2001. The defendants include the City of Warren and three of its off-duty police officers.

A municipality may be liable under 42 U.S.C. § 1983 if it engages in conduct reflecting unlawful practices that constitute a "custom or usage" with the force of law. Monell v. Dep't Social Servs., 436 U.S. 658 (1978). The custom or usage in question shall be attributed to the government body only upon a showing that the "duration and frequency of the practices warrant a finding of

either actual or constructive knowledge . . . that the practices have become customary among its employees." Spell v. McDaniel, 824 F.2d 1380, 1387 (1987). Furthermore,

> a plaintiff must demonstrate that 'through its deliberate conduct, the municipality was the "moving force" behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights.'

Gregory v. Shelby County, Tenn., 220 F.3d 433, 442 (6th Cir. 2000) (quoting Board of County Comm'rs of Bryan County, Okl. v. Brown, 520 U.S. 397, 405 (1997)).

In this case Plaintiffs have failed to demonstrate that the City of Warren, through its deliberate conduct, was the moving force behind their alleged injuries; and they have failed to demonstrate a direct causal link between the municipal action and the deprivation of federal rights. Defendant City of Warren is entitled to summary judgment.

## ORDER

It is hereby **ORDERED** that defendant City of Warren's January 14, 2005 motion for summary judgment is **GRANTED.**

        s/John Corbett O'Meara
        John Corbett O'Meara
        United States District Judge

Dated: May 17, 2005